In The United States District Court
For Florida Middle District

| | |
|---|---|
| KOICHI SAITO, LYNNE'A SAITO, | No.  **2:22-cv-00740-JLB-KCD** |
| Man, Woman; Plaintiffs, | VERIFIED COMPLAINT FOR RELIEF AND RESTITUTION |
| v. | |
| Case# 11-2022-CT-001811-AXXX-XX, | • Abuse of Process |
| COLLIER COUNTY MUNICIPAL CORPORATION, | • Administering Property without Right<br>• Invasion of Privacy |
| COLLIER COUNTY SHERIFF'S OFFICE, | Trespass Pursuant to: |
| CHARLES NUNLEY, in his individual capacity and official capacity as a Certified Law Enforcement Officer of Collier County, | 42 USC 1983;<br>15 USC 1692c;<br>Bill of Rights: Articles The Fourth and Fifth |
| BYRON TOMLINSON, in his individual capacity and official capacity as a Certified Law Enforcement Officer of Collier County, | TRIAL BY JURY DEMANDED |
| ALEXIS GRACE MOFFETT, in her individual capacity and official capacity as Attorney of Collier County Court, | |
| BLAKE ADAMS, in his individual capacity and official capacity as Judge of Collier County Court, | |
| ROB CROWN, in his individual capacity and official capacity as Judge of Collier County Court, | |
| CRYSTAL KINZEL, in her individual capacity and official capacity as the Clerk of Courts of Collier County, | |
| THOMAS SEPANSKI, in his individual capacity and official capacity as Florida state licensed wrecker operator, | |
| Defendant. | |

## COMPLAINT

Plaintiffs sue Defendants for violation of rights under color of law and five hundred two thousand 00/100 United States dollars ($502,000.00) in damages and, states in support:

## JURISDICTIONAL ALLEGATIONS

1. This is a petition for relief and restitution.

2. This case involves a Federal Question, as Defendants attempt to enforce the Federal Commercial Motor Vehicle Safety Act and the Federal Motor Carrier Safety Act upon Plaintiffs and Plaintiffs' property.

3. Diversity of Citizenship exists, as Defendants are citizens of the United States and resident persons of the State.

4. Plaintiffs have no minimum contacts with the State and are citizens of the Republic of Florida.

5. The damages in controversy exceed $75,000, which exceeds the state court's limits.

6. This Court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his

business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing there from beyond the protection of his life and property. **His rights can only be taken from him by due process of law, and in accordance with the Constitution**. Among his rights are a refusal to incriminate himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." Hale vs. Henkel, 201 U.S. 43 (1906) [Emphasis added]

7.  Plaintiffs have first-hand knowledge that Defendants trespass upon Plaintiffs' rights under color of law.

8.  The trespass did and does harm and cause injury to Plaintiffs' rights to due process, to possess and protect private property, and to be let alone to carry on one's private business.

9.  At all times relevant, there is no legal or lawful relationship between Plaintiffs and Defendants.

10. At all times relevant, Plaintiffs are peaceably exercising Plaintiffs' God-given, constitutionally protected rights to own, use, and protect private property.

11. At all times relevant, Plaintiffs are a private man and a private woman carrying on their private affairs.

12. At all times relevant, Plaintiffs are not for-hire.

13. Plaintiffs are not employees nor employers engaged in regulated activities in interstate or intrastate commerce requiring a class I, II, or III license or registration under the Federal Commercial Motor Vehicle Safety Act, according to Florida Statutes section 320.0104.

14. Plaintiffs are not recognized as legal entities organized and incorporated under the statutes of the State of Florida and Collier County Municipal code.

15. Plaintiffs do not conduct business in the State as an "individual, firm, corporation, association or partnership"

16. Plaintiffs' property is not for corporate business use.

17. Plaintiff's property is not registered with any public agency and the record reflects this fact.

18. Plaintiffs have never given consent to be sued by or communicated with Defendants.

19. Defendants, jointly and severally, act as or on behalf of Debt Collectors for the Collier County Municipal Corporation and the State of Florida.

20. On the 18th day of June 2022 at 4:45 pm, Defendant Nunley, in his official capacity as a Certified Law Enforcement Officer, did use emergency lights to signal, stop, and detain Plaintiffs.

21. Defendant Byron, in his capacity as a supervising officer, was summoned to the scene by Defendant Charles, as requested by Plaintiffs.

22. Defendant Nunley and Defendant Tomlinson claim that Plaintiffs are engaged in an activity regulated by the Federal Commercial Motor Vehicle Safety Act and the Federal Motor Carrier Safety Act.

23. Defendant Charles and Defendant Byron are unwilling or unable to provide documentary evidence that supports the presumption that Plaintiffs are engaged in interstate or foreign commerce.

24. Defendant Charles and Defendant Byron did advise Plaintiffs that a driver's license, first name, and family name must be provided or that Plaintiff Koichi would be arrested and Plaintiffs' property would be seized.

25. Defendant Charles and Defendant Byron did instruct Defendant Thomas, in his capacity as owner of AA Auto of Collier County, Inc., a State-licensed wrecker operator, to seize and remove Plaintiffs' property.

26. Defendant Thomas did seize and remove Plaintiffs' property.

27. Defendant Charles and Defendant Byron did arrest Defendant Koichi.

28. Defendants' agency did imprison Plaintiff Koichi in Naples Jail Center for over 27 hours.

29. Plaintiffs did receive an improperly served summons, via email, for the alleged traffic court case [#11-2022-CT-001811-AXXX-XX]

30. Defendants have been given treble notice and opportunity to cure via USPS certified mail and are in default.

31. Facts obtained by discovery reveal that Defendants knowingly and willingly attempt to defraud Plaintiffs.

32. There is a high likelihood that this situation will recur, as COLLIER COUNTY SHERIFF'S OFFICE fails to train its officers how to handle non-commercial automobiles without violating constitutional rights.

33. An order for relief is necessary to protect Plaintiffs from continued trespass to Constitutionally protected rights.

34. An order of restitution is necessary to compensate Plaintiffs for the damage and injury caused by the trespass.

## COUNT ONE: ABUSE OF PROCESS

35. Plaintiffs reallege and restate the foregoing jurisdictional and general factual allegations.

36. Defendant Charles and Defendant Byron use the State-regulated tow and impound process with the ulterior motive of seizing Plaintiffs' private, non-commercial property, under the guise of legitimate federal transportation regulation.

37. Defendant Thomas abuses the State-regulated tow lien process to administer Plaintiffs' property, without a contract or agreement.

38. Defendant Thomas is a willful participant in this joint action with State agents in this action against Plaintiffs' property.

39. Under the guise of legitimate federal transportation regulation, Defendant Charles and Defendant Byron use arrest and detention procedures to

interfere with Plaintiffs' right to travel freely and carry on private affairs, without due process of law.

40. Defendant Charles and Defendant Byron deal with the enforcement of federal transportation regulations every day while accepting emoluments.

41. Defendant Charles and Defendant Byron know or have a duty to know under which circumstances federal transportation regulations apply and when they do not apply.

42. Defendant Charles and Defendant Byron apply federal transportation regulations upon Plaintiffs' property based on a customary presumption that all automobiles are to be federally regulated.

43. This custom of applying federal transportation regulations on all automobiles,  regardless of whether they are used in commerce or not, is a widespread, well-settled practice that constitutes a standard operating procedure of COLLIER COUNTY SHERIFF'S OFFICE.

44. Defendant Charles and Defendant Byron apply federal transportation regulations to Plaintiffs without factual evidence that Plaintiffs are engaged in interstate or foreign commerce.

45. The failure of these procedures to adequately protect the constitutional rights of Plaintiffs was the direct result of the inadequacies of the customs relied upon by Defendant Charles.

46. These customs and their inadequacies are further propagated to subordinate county agents by Defendant Byron in his capacity as a supervising officer.

47. Defendant COLLIER COUNTY SHERIFF'S OFFICE fails to train its officers on how to protect the constitutional rights of those with whom the officers may come into contact.

48. Rights violations of the People of Collier County who are not engaged in commerce are a highly predictable consequence of this inadequate training.

49. Defendant Alexis, Defendant Blake, Defendant Rob, and Defendant Crystal misuse the quasi-judicial traffic court process to prosecute Plaintiffs, though Plaintiffs have not consented to be sued in this forum.

50. Defendant Alexis, Defendant Blake, Defendant Rob, and Defendant Crystal continue the alleged State case [case #11-2022-CT-001811-AXXX-XX] against Plaintiff Koichi, despite challenges to the court's jurisdiction on the record.

51. Defendant Crystal continues to communicate with Plaintiffs regarding the alleged case [case #11-2022-CT-001811-AXXX-XX], despite receiving notice of the deficiencies.

52. Defendants deal with these types of citation instruments daily while accepting emoluments.

53. Defendant Alexis, Defendant Blake, Defendant Rob, and Defendant Crystal misuse the traffic court process with the ulterior motive of financial gain for Defendants and Defendants' employer under the guise of legitimate federal transportation regulation.

54. As administrators of the law that took an oath to uphold the Constitution of the United States and of the State of Florida, Defendant Alexis, Defendant Blake, Defendant Rob, and Defendant Crystal know or should have known of the legal deficiency on the face of the instrument used to initiate litigation.

55. Defendants' actions are forbidden by law.

56. Defendants' actions are not within their job description.

57. Defendants' actions are not in accordance with the legislative intent of the Federal Commercial Motor Vehicle Safety Act and the Federal Motor Carrier Safety Act.

58. This trespass causes Plaintiffs to bear the undue financial burden of seeking legal counsel to defend against Defendants' alleged case.

59. This trespass causes mental and emotional stress, and anxiety because Defendants Charles and Defendants Byron did, under threat of force, seize Plaintiffs' property and imprison the body of Plaintiffs.

60. This trespass damages Plaintiffs' right to not be deprived of life, liberty, or property, without due process of law.

WHEREFORE, Plaintiffs move this court to enter an Order for relief to correct the record and cease and desist the trespass by way of the alleged state case. Further, Plaintiffs move this court to enter an order for money damages against Defendants, jointly and severally, together with such further relief as the court may deem equitable and just under the circumstances.

## Count Two: Administering Property without right

61. Plaintiffs reallege and restate the foregoing jurisdictional and general factual allegations.

62. Defendant Charles and Defendant Byron interfere with Plaintiffs' possessory rights by physically removing Plaintiffs' body from Plaintiffs' property.

63. Defendant Charles and Defendant Byron interfere with Plaintiffs' possessory rights by removing property from Plaintiffs' possession and assigning property to Defendant Thomas, without legal right.

64. This trespass results in the removal of Plaintiff's property without a contract, agreement, or just compensation.

65. This trespass damages Plaintiffs' right to peaceful enjoyment and security of private property.

66. This trespass causes mental and emotional stress, and anxiety as Defendants and their agency did seize Plaintiff's property, while providing no information as to its location to this day, October 17, 2022.

67. This trespass causes Plaintiffs financial hardship from opportunity loss due to the unlawful taking of Plaintiffs' property by Defendants.

68. This trespass causes financial hardship from seeking legal remedy to the unlawful taking of Plaintiffs' property.

69. This trespass causes personal injury due to the irreparable theft of Plaintiffs' time and energy.

WHEREFORE, Plaintiffs move this court to enter an Order of immediate restoration of Plaintiffs' property or just compensation in equivalent. Further, Plaintiffs move this court to enter an Order of restitution for damages sustained from the initial and continual trespass against Defendants, jointly and severally, together with such further relief as the court may deem equitable and just under the circumstances.

## Count Three: Invasion of Privacy

70. Plaintiffs reallege and restate the foregoing jurisdictional and general factual allegations.

71. Defendant Charles did initiate a roadside stop and delayed Plaintiffs without emergency, warrant, or grand jury indictment.

72. Defendant Charles, Defendant Byron, along with other policy officers in attendance [Bradley Gangl, et al.] did invade the privacy of Plaintiffs by attempting to coerce and obtain private information from Plaintiffs, under threat of force.

73. Defendant Charles and Defendant Byron intentionally intrude in Plaintiffs' private affairs by taking for public use the VIN number from Plaintiffs' private property.

74. This invasion of privacy damages Plaintiffs' right to peaceful enjoyment of private property and to be secure in all private affairs.

WHEREFORE, Plaintiffs move this court to enter an order of restitution for monetary damages against Defendants, jointly and severally, together with such further relief as the court may deem equitable and just under the circumstances. Furthermore, Plaintiffs move this Honorable Court to enter an Order enjoining Defendants not to stop, delay or otherwise interfere in the private affairs of Plaintiffs without express consent or, valid contract, agreement, or authorization.

UNDER PENALTIES OF PERJURY I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge.

_____

Koichi Saito, Plaintiff

_____

Lynne'a Saito, Plaintiff

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged and affirmed before me this _17_ day of

October, 2022, by Koichi Saito and Lynne'a Saito.

Personally known __X__ OR produced identification _____

Type of identification produced_____

(SEAL)

Notary Public State of Florida
Valerie E Tynes
My Commission HH 029716
Expires 09/09/2024

_____

Notary Public

13

## Order

Koichi Saito and Lynne'a Saito's property is restored [Dark green Chrysler Town and County, VIN# 2A8HR54139R536302, with private plate [PR1V4T3] attached], and Claimants are granted compensatory damages in the amount of $502,000.00 for the trespass. The record is corrected by expunging the false charges, mug shots, fingerprints, bench warrant, and false data points/accounts associated with the alleged case [#11-2022-CT-001811-AXXX-XX]. Respondents are ordered and directed not to stop, delay, or otherwise interfere in the private affairs of Claimants without express consent or other valid contract or authorization.

_____

Seal

14

### NOTICE OF Certificate of Service

I, Koichi Saito, and I , Lynne'a Saito, certify that a copy of this claim has been sent to the following parties via certified mail:

**ALEXIS G. MOFFETT**
3315 Tamiami Trl E Ste 602
Naples, FL 34112-5334
**USPS Certified Mail Tracking:**

**BLAKE ADAMS**
Collier County Courthouse
3315 Tamiami Trail East, Suite 305
Naples, FL 34112
**USPS Certified Mail Tracking:**

**CHARLES NUNLEY**
3319 Tamiami Trail East
Naples, FL 34112
**USPS Certified Mail Tracking:**

**ROB CROWN**
Collier County Courthouse
3315 Tamiami Trail East, Suite 305
Naples, FL 34112
**USPS Certified Mail Tracking:**

**BYRON TOMLINSON**
3319 Tamiami Trail East
Naples, FL 34112
**USPS Certified Mail Tracking:**

**CRYSTAL K. KINZEL**
Collier County Clerk of the Circuit Court
Administration Department
3315 Tamiami Trail East, Ste. 102
Naples, FL 34112-5324
**USPS Certified Mail Tracking:**

**COLLIER COUNTY MUNICIPAL CORPORATION**
℅ William MacDanial, Jr.-Board of
County Commissioners
3299 Tamiami Trail East, Suite 303
Naples, FL  34112-5746
**USPS Certified Mail Tracking:**

**COLLIER COUNTY SHERIFF'S OFFICE**
**℅ Sheriff Kevin Rambosk**
3319 Tamiami Trail East
Naples, FL 34112
**USPS Certified Mail Tracking:**

**THOMAS SEPANSKI**
2240 Corporation Blvd.
Naples, FL. 34109
**USPS Certified Mail Tracking:**

The above parties have been duly served the following:
**NOTICE: Jurisdiction (Federal Questions and Diversity)**

**Definitions of Law of the Case**
**Request for production of documents and questions**
**COMPENSATION**
**SIGNATURES**
**VERIFICATIONS**
**FACTS OF THE CASE**
**Claim**

and as of this day _____. I say here and will verify in open court that all
herein be true.

_____

**By:** Koichi Saito

_____

**By:** Lynne`a Saito

The Saito Court presents Notice:

## VERIFICATIONS

I, Koichi Saito, man; I, Lynne'a Saito, a woman, declare and require all documents including recommendations and orders being placed into the case are to be verified in open court under oath or affirmation. All documents submitted without verification of court will take notice as contempt of court and will be void. All documents filed through the Office of the court clerk must be time stamped.

Secondly, I say here and will verify in open court that all here in be true.

## SIGNATURES

I, Koichi Saito, man; I, Lynne'a Saito, a woman, declare and require all documents including recommendations and orders being placed into the case file to have affixed upon it a wet ink (blue ink) signature of its creator (NO RUBBER STAMPS) on all documents submitted. Documents without wet ink (blue ink) signature the court will take notice as contempt of court and will be void.

## COMPENSATION

I, Koichi Saito, a man; I, Lynne'a Saito, a woman, declare that compensatory damages in the amount of <u>$502,000.00</u> USD are due posthaste.

The arrival of the sum for damages is based upon the belief that to charge by the following rates is fair and just:

Initiating Contact without Emergency.................................................... ($50,000.00)
Initiating Contact without Warrant......................................................... ($75,000.00)
Removal from Property ......................................................................... ($25,000.00)
Unlawful detainment/arrest of body @ $150/min

[6/18/2022, 4:45PM – 6/19/2022, 8:10PM] 1645 minutes....................($246,750.00)

Legal consul............................................................................... ($8,450.00)

Loss of opportunity/wages; 121 days @ $800

[6/18/2022- 10/17/2022] ....................................................... ($96,800.00)

**TOTAL**.................................................................**($502,000.00)**

To date, approximately <u>121 days</u> have passed since the unlawful taking of Claimants' property and the commencement of the use of instruments [traffic citation and tow lien], which prevents the possessory use and enjoyment of Claimants' property.

I say here and will verify in open court that all herein be true.

_____

**By:** Koichi Saito

_____

**By:** Lynne a Saito

On the 17th day of October, year two thousand twenty-two

The Saito Court presents Notice:

# Notice:
# **Request for production of documents and questions**

All persons (9) answering or acting as agent on behalf of any and all Respondents are required to submit to this court:

- **Delegation of authority** to act and speak on behalf of any party named in this case. [Cf. 22 U.S. Code § 612]

- The **valid original contract** that expressly gives Respondent rights to administer Claimants' property and communicate with Claimants about any debt.

## Questions:

- Collier County Municipal Corporation is a franchised subdivision of the United States of America.

    ____Admit  ____Deny


- Statutes, codes, rules, Acts, ordinances, mandates, and guidance documents of the United States of America only apply to employees and agents of the corporate agency whilst engaged in "trade or business" under its commerce clause.

    ____Admit  ____Deny


- Defendant has no firsthand evidence that either Plaintiff is an agent or employee of the United States of America.

    ____Admit  ____Deny

- Defendant has no firsthand evidence that either Plaintiff is engaged in interstate or foreign commerce in this case.

  ____Admit ____Deny

- Defendant has a delegation of authority to prosecute Plaintiffs on behalf of the Florida Department of Transportation.

  ____Admit ____Deny

**Answer due within 7 days after this notice is received.**

_____

**By:** Koichi Saito

_____

**By:** Lynne a Saito

On the 17th day of October, year two thousand twenty-two

20

The *Saito Court* presents Notice:

## Notice:
## Definitions and Law of the Case

The meaning of the words used within the context of this case, are decreed as follows, thusly; let it be said, let it be done, and none may add to, nor take away from, what is decreed and expressed herein which renders silent that which is implied, assumed, or presumed [Cf. Expressum facit cessare tacitum. That which is expressed makes that which is implied to cease. ... Where a law sets down plainly its whole meaning the court is prevented from making it mean what the court pleases." Munro v. City of Albuquerque, 48 N.M. 306, 150 P.2d 733-4];

- **Trespass:** To go or intrude (on the property, privacy, or preserves of another) with no right or permission.
  *[cf. Robert's River Rides v. Steamboat Dev.*, 520 N.W.2d 294, 301 (Iowa 1994) "wrongful interference with one's possessory rights in [real] property"]

- **Claim (n):** a right to something; specifically: a title to a debt, privilege, or other thing in the possession of another.

- **Debt Collector:** any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

- **Claimant (n):** one who demands anything as a right [1747].

- **Contract (n):** a legally binding or valid agreement between two parties. The law will consider a contract to be valid if the agreement contains all of the following elements:
  1. offer and acceptance;

2. an intention between the parties to create binding relations;

3. consideration to be paid for the promise made;

4. legal capacity of the parties to act;

5. genuine consent of the parties; and

6. legality of the agreement.

An agreement that lacks one or more of the elements listed above is not a valid contract.

- **Agreement** (n): The consent of two or more persons concurring, respecting the transmission of some property, right or benefit, with a view of contracting an obligation. To render an agreement complete six things must concur; there must be:

  1. a person able to contract;

  2. a person able to be contracted with;

  3. a thing to be contracted for;

  4. a lawful consideration, or quid pro quo;

  5. words to express the agreement;

  6. the assent of the contracting parties

- **Agent** (n): A person authorized to act on behalf of another person. The party an agent is authorized to act for is known as the principal. A principal-agent relationship can either be intentionally created or created by implication through one's actions.

- **Debt** (n): "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." [Cf. *15 U.S.C. §1692a(5)*]

- **Defraud** (v): To make a Misrepresentation of an existing material fact, knowing it to be false or making it recklessly without regard to whether it is true or false, intending for someone to rely on the misrepresentation and under circumstances in which such person does rely on it to his or her damage. To practice Fraud; to cheat or trick. To deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice. To deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter, or terminate a right, obligation, or power with reference to property.

- **Person** (n): includes any individual, child, firm, association, joint venture, partnership, estate, trust, business trust, syndicate, fiduciary, corporation and all other groups and legal entities or combinations thereof

### Relevant Case Law:

"The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. . . . They conferred, as against the Government, the right to be let alone—the most comprehensive of rights, and the right most valued by civilized men. **To protect that right, every unjustifiable intrusion by the Government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment**." *Olmstead v. United States, 277 U.S. 438 (1928)* [Emphasis added]

"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing therefrom beyond the protection of his life and property. **His rights can only be taken from him by due process of law, and in accordance with the Constitution**. Among his rights are a refusal to incriminate

himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." *Hale vs. Henkel, 201 U.S. 43 (1906)* [Emphasis added]

By: Koichi Saito

By: Lynne a Saito

On the 17th day of October, year two thousand twenty-two

24