UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO and KOICHI SAITO,

    Plaintiffs,

v.                                                                          Case No.:  2:22-cv-740-JLB-KCD

COLLIER COUNTY MUNICIPAL
CORPORATION, COLLIER
COUNTY SHERIFF'S OFFICE,
CHARLES NUNLEY, BYRON
TOMLINSON, ALEXIS GRACE
MOFFETT, BLAKE ADAMS, ROB
CROWN, CRYSTAL KINZEL, and
THOMAS SEPANSKI,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs Lynnea Saito and Koichi Saito's Motion to Disqualify Judge. (Doc. 16.) For the reasons below, their motion is denied.

### I. Background

Plaintiffs allege they are citizens of the "Republic of Florida" who were pulled over by the Collier County Sheriff's Office. Although not entirely clear, something occurred during the traffic stop that caused Plaintiffs to be arrested

and their car towed. Plaintiffs say they have never consented to be sued or communicated with by Defendants. (Doc. 1 at 4-5.)[1]

Plaintiffs sue the Sheriff's Office, the deputies, the state attorney, the state judges, the clerk of court for Collier County, and the wrecker operator in both their individual and official capacities. As best the Court can tell, Plaintiffs want their property restored, record expunged, and $502,000 in compensatory damages. (Doc. 1 at 14.)

When they filed suit, Plaintiffs submitted affidavits seeking to proceed in forma pauperis. (Doc. 2.) As required by 28 U.S.C. § 1915, the Court screened the complaint and in forma pauperis application. It concluded both were lacking and directed Plaintiffs to file additional documents. (*See* Doc. 14.) Pertinent here, the Court's order (written by the undersigned) outlined several deficiencies with the complaint, including that "[p]arts of [it] bear the hallmarks of a 'sovereign citizen' pleading." (*Id.* at 2.)

Plaintiffs have now moved to recuse the undersigned. (Doc. 16.) They claim the Court's prior order branded them sovereign citizens, and as a result, "the Court's ability to remain impartial" is in doubt. (*Id.* ¶ 13.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## II. Analysis

Plaintiffs' motion is deficient on several ground. For starters, it relies on Florida law. According to Plaintiffs, "Rule 2.330 Fla. R. Jud. Admin. allows a party to seek disqualification of the assigned trial judge where the party feels he will not receive a fair trial or hearing because of a specifically described prejudice or bias of the judge." (Doc. 16 ¶ 1.) But the Florida Rules of Judicial Administration have no application here. *See, e.g.*, *Suarez v. Sch. Bd. of Hillsborough Cnty.*, No. 8:13-CV-1238-EAK-MAP, 2015 WL 12839238, at *1 (M.D. Fla. Jan. 15, 2015) (holding that Rule 2.330 "is not applicable to this Federal court proceeding"); *In re Clark*, 289 B.R. 193, 196 (Bankr. M.D. Fla. 2002) ("[R]ecusal of a federal judge is not governed by [any] State Court Rule dealing with the recusal of a judicial officer."). Plaintiffs bear the burden of proving grounds for recusal. Their failure to cite the proper standard alone precludes their request. *See HPC US FUND 1, L.P. v. Wood*, 182 F. Supp. 3d 1284, 1287 (S.D. Fla. 2016) ("[J]udges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality.").

But even looking at this case under the correct framework, Plaintiffs still fall short. A federal judge must disqualify himself if his "impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a

3

financial interest in the matter. 28 U.S.C. § 455(a), (b).[2] The intent underlying § 455 is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

Plaintiffs do not allege any personal knowledge or involvement in this case (or any other proceeding involving the parties). Nor do they claim the undersigned has a financial interest in the outcome. Their motion, instead, is based on apparent bias stemming from statements made in a prior order. According to Plaintiffs, by commenting that their complaint "bear[s] the hallmarks of a sovereign citizen pleading," the undersigned has "cast doubt on [the] ability to remain impartial." (Doc. 16 ¶ 13.)

The problem for Plaintiffs is simple. Challenges to a judge's "ordinary efforts at courtroom administration," including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable)," are generally insufficient to require recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Only when the judge's conduct "is so extreme as to display clear inability to render fair judgment" does disqualification trigger. *Id.* at 551. The Court's comments here were made in the routine

---

[2] 28 U.S.C. § 144 also governs recusal. But it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice and providing facts and reasons for the belief that bias or prejudice exists. Plaintiffs have not filed such an affidavit, and this requirement is strictly enforced. *See, e.g.*, *United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015). Thus, the Court will assume that Plaintiffs intended to proceed under § 455.

4

administration of its duties and do not evidence any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Thus, contrary to Plaintiffs' claim, actionable bias is not present on these facts. *See, e.g., United States v. Hameen*, No. 3:18-CR-115-J-34JBT, 2018 WL 8806481, at *5 (M.D. Fla. Sept. 21, 2018) (explaining that "critical or disapproving" comments by the court "do not support a bias or partiality challenge"); *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion[.]").

When moving for recusal based on bias, as Plaintiffs do here, relief is appropriate if a reasonable observer would question the judge's impartiality. This standard requires that the court take the perspective of a fully informed third-party observer who understands all the facts. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). And importantly, "[a] reasonable observer must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to faithfully and impartially discharge and perform all the duties incumbent upon them." *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011). Thus, "a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky*, 510 U.S. at 558 (Kennedy, J., concurring). The undersigned is satisfied that a well-informed observer would

5

not question my ability to be impartial here simply because of the statements made when assessing the legal sufficiency of Plaintiffs' complaint.

Accordingly, it is **ORDERED**:

Plaintiffs' Motion to Disqualify Judge. (Doc. 16.) is **DENIED**.

**ENTERED** in Fort Myers, Florida on December 21, 2022.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record