UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO and KOICHI SAITO,

    Plaintiffs,

v.                                          Case No.:  2:22-cv-740-JLB-KCD

COLLIER COUNTY MUNICIPAL CORPORATION, COLLIER COUNTY SHERIFF'S OFFICE, CHARLES NUNLEY, BYRON TOMLINSON, ALEXIS GRACE MOFFETT, BLAKE ADAMS, ROB CROWN, CRYSTAL KINZEL, and THOMAS SEPANSKI,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Before the Court is Plaintiffs Lynnea Saito and Koichi Saito's Verified Petition for Temporary Injunction. (Doc. 19.) For the reasons below, their motion should be denied.

### I. Background

Plaintiffs allege they were pulled over by the Collier County Sheriff's Office in June 2022. (Doc. 1 at 4.) Although not entirely clear, something occurred during the traffic stop that caused Plaintiffs to be arrested and their car towed. Plaintiffs have thus sued the Sheriff's Office, the deputies, the state attorney, two state judges, the clerk of court for Collier County, and the

wrecker operator in both their individual and official capacities. Plaintiffs want their property restored, record expunged, and $502,000 in compensatory damages. (Doc. 1 at 14.)

Plaintiffs' complaint, aside from being nearly impossible to understand, bears the hallmarks of a "sovereign citizen" pleading. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).[1] For example, Plaintiffs include their fingerprints next to their signatures, call themselves "The Saito Court," say that all documents require a "wet ink signature of its creator (NO RUBBER STAMPS)," and that any documents without such a signature will be taken as "contempt of court and will be voided." (Doc. 1 at 17.) Further, Plaintiffs state they have never consented to be sued or communicated with by Defendants. (Doc. 1 at 4-5.)

Now pending is Plaintiffs' motion for an injunction. (Doc. 19.) Like the complaint, their motion is difficult to follow. As best it can be discerned, Plaintiffs ask to enjoin the state court judge overseeing their criminal case from taking certain actions, including issuing any warrants. (*Id.* at 2.)

## II. Analysis

As an initial matter, Plaintiffs' motion fails to comply with the Local Rules for seeking injunctive relief. There is no precise and verified description

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2

of the conduct and persons subject to restraint, any explanation of amount or form of security, a supporting legal memorandum, or a proposed order. *See* M.D. Fla. R. 6.01, 6.02. These shortcomings alone warrant denial of the motion. *See, e.g.*, *Difour v. Collier Cnty., Fla.*, No. 2:22-cv-786, Doc. 6 (M.D. Fla. Dec. 21, 2022).

But even looking at the merits, the same result follows. A preliminary injunction may be granted only where the movant demonstrates each of these: (1) substantial likelihood of success on the merits; (2) irreparable injury absent the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the nonmoving parties; and (4) the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless each element is present. *Id.*; *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

Plaintiffs allege they are likely to succeed on the merits. But they offer nothing beyond conclusory statements to support their claim. Such arguments, "bereft of any legal support, [are] plainly insufficient to carry [Plaintiffs'] burden of showing a substantial likelihood of success on the merits." *White v. Alcon Film Fund, LLC*, 955 F. Supp. 2d 1381, 1383 (N.D. Ga. 2013). Most notably, Plaintiffs fail to even identify what underlying claim they will win on.

*See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1298 (11th Cir. 2005) (to demonstrate a likelihood of success on the merits, the claimant must show the likelihood of prevailing on one cause of action pled). Injunctive relief requires more than bald proclamations that the movant will prevail, yet that is all the record bears here.

The same problem arises with Plaintiffs' allegations of irreparable injury. They claim irreparable harm without any explanation or legal argument. (*See* Doc. 19 at 2-3.) As best the Court can tell, Plaintiffs believe their possible arrest on an improper warrant meets the threshold. But caselaw provides this is not an irreparable injury. *See, e.g.*, *Barney v. Escambia Cnty., Fla.*, No. 3:17CV3-MCR-CJK, 2018 WL 4113369, at *3 (N.D. Fla. May 30, 2018) ("Plaintiff's allegations of improper arrest fail to establish plaintiff is likely to suffer imminent, substantial, or irreparable injury, as required for declaratory or injunctive relief."); *D.L. by & through S.L. v. Hernando Cnty. Sheriff's Off.*, No. 8:22-CV-35-JLB-AEP, 2022 WL 3213423, at *16 (M.D. Fla. Aug. 9, 2022) ("Such alleged constitutional violations do not rise to the level of an irreparable injury, however, because they are not a related to privacy or speech rights, nor are they unable to be remedied with monetary relief.").

Finally, Plaintiffs have failed to show that the issuance of an injunction directed at a state criminal proceeding would be in the public interest. Courts have held that in the absence of an imminent and clear-cut constitutional

4

violation, the public interest lies with allowing state criminal cases to proceed unimpeded. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983) ("[R]ecognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate."); *Cameron v. Johnson*, 390 U.S. 611, 618 (1968) ("[A] federal district court should be slow to act where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court.").

Plaintiffs are seeking drastic relief. They want this Court to intervene and dictate what a state court judge can (and cannot) do in an active criminal case. Such interference is not appropriate on Plaintiffs' bare and conclusory arguments. *See, e.g.*, *Hulett v. Julian*, 250 F. Supp. 208, 209 (M.D. Ala. 1966) ("[T]he arrest by the federal courts of the processes of the criminal law within the State is to be supported only on a showing of danger of great and immediate irreparable injury.").

Accordingly, it is **RECOMMENDED** that Plaintiffs' Verified Petition for Temporary Injunction (Doc. 19) be **DENIED**.

**ENTERED** in Fort Myers, Florida on December 27, 2022.

_[signature]_
Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.