UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO and KOICHI
SAITO,

      Plaintiffs,

v.                               Case No.:  2:22-cv-740-JLB-KCD

COLLIER COUNTY MUNICIPAL
CORPORATION, COLLIER
COUNTY SHERIFF'S OFFICE,
CHARLES NUNLEY, BYRON
TOMLINSON, ALEXIS GRACE
MOFFETT, BLAKE ADAMS, ROB
CROWN, CRYSTAL KINZEL,
THOMAS SEPANSKI, and
EDWARD KELLY,

      Defendants.

_____/

## **ORDER**

Plaintiffs Lynnea Saito and Koichi Saito were allegedly pulled over by the Collier County Sheriff's Office in June 2022. (Doc. 24 ¶ 20.) Although not entirely clear, something occurred during the traffic stop that caused Plaintiffs to be arrested and their car towed. Plaintiffs have thus sued the Sheriff's Office, the deputies, the state attorney, two state judges, the clerk of court for Collier County, and the wrecker operator in both their individual and official capacities.

Defendants Blake Adams and Rob Crown have appeared and moved to dismiss the complaint. (*See* Doc. 67.) Plaintiffs, in turn, have moved the Court to strike the Motion to Dismiss because defense counsel does not have "lawful authority to speak on behalf of Defendants." (Doc. 68 at 2.)

As previously explained when denying a similar motion (Doc. 64), Plaintiffs offer no legal basis for their pending motion. Nor do they cite any authority that would allow the Court to prohibit counsel from appearing in this case. Rather, in conclusory fashion, Plaintiffs declare that attorney Katherine Schillo has no standing to speak on behalf of Defendants because she has not provided a power-of-attorney document to prove the authority granted to her to do so. (Doc. 68 at 1.) Even more remarkable, Plaintiffs say that the Motion to Dismiss is hearsay because the attorney "lacks firsthand knowledge to submit facts as evidence." (Doc. 68 at 2.)

Contrary to Plaintiffs' unadorned argument otherwise, Defendants are "entitled to the counsel of [their] choice." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). And Defendants' choice in counsel "may be overridden only if compelling reasons exist." *Id*. Plaintiffs have failed to offer any rationale (let alone compelling reasons) for the Court to deprive Defendants of their right to counsel or question their choice of an attorney. Further, the Court notes that each attorney to enter an appearance in this case is licensed in the State of Florida.

Accordingly, is it now **ORDERED**:

Plaintiffs' Motion to Strike Defendants' Motion to Dismiss (Docs. 68) is

**DENIED**.

**ENTERED** in Fort Myers, Florida this February 10, 2023.


Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record