UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO and KOICHI
SAITO,

    Plaintiffs,

v.                                   Case No.:  2:22-cv-740-JLB-KCD

COLLIER COUNTY MUNICIPAL
CORPORATION, COLLIER
COUNTY SHERIFF'S OFFICE,
CHARLES NUNLEY, BYRON
TOMLINSON, ALEXIS GRACE
MOFFETT, BLAKE ADAMS, ROB
CROWN, CRYSTAL KINZEL,
THOMAS SEPANSKI, and
EDWARD KELLY,

    Defendants.
_____/

**ORDER**

Plaintiffs Lynnea Saito and Koichi Saito were allegedly pulled over by the Collier County Sheriff's Office in June 2022. (Doc. 24 ¶ 20.) Although not entirely clear, something occurred during the traffic stop that caused Plaintiffs to be arrested and their car towed. Plaintiffs have thus sued the Sheriff's Office, the deputies, the state attorney, two state judges, the clerk of court for Collier County, and the wrecker operator in both their individual and official capacities.

The state attorney and two judges appeared and moved to dismiss, raising prosecutorial and judicial immunity. They also argue the Court should abstain from hearing this matter under the *Younger* abstention doctrine because the traffic court case is currently pending in state court.[1] (Docs. 48, 67.) Plaintiffs responded in opposition. (Docs. 76, 78.)

Defendants now move for a stay of discovery and case management conferral obligations pending a decision on the motions to dismiss. (Doc. 70.) Plaintiffs respond that Defendants have no immunity because they acted outside their legal authority and that discovery is necessary to determine whether Defendants acted outside their authority. (*Id.* at 2-3.) Continuing this point, Plaintiffs say discovery is necessary:

> to gather documentary evidence that Defendants, as employees of the state, had any authority or jurisdiction over Plaintiffs and Plaintiffs' property in the first place
>
> to allow Defendants to produce the records they relied on to make the legal determination to initiate contact with Plaintiffs and apply Federal transportation regulations on Plaintiffs and Plaintiffs' property
>
> to determine whether Defendant Alexis was required to perform a pre-suit investigation into the representations she made to the court regarding Plaintiff's alleged status as an Article 1, section 8, clause 14 "person" engaged in Article 1, section 8, clause 3 activity [interstate/intrastate commerce]

(*Id.* at 3-4.)

---

[1] Under the *Younger* abstention doctrine, a federal court may not interfere with or enjoin (1) a criminal prosecution; (2) a civil proceeding akin to a criminal prosecution; or (3) a civil proceeding involving orders "uniquely in furtherance of the state [court's] ability to perform [its] judicial function." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where a pending motion may dispose of the entire action, granting a stay of discovery when it is not necessary to resolution of the motion may be justified. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.").[2] "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). This necessarily entails taking a "preliminary peek" at the merits of the motion to dismiss. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

Further, the Eleventh Circuit has repeatedly recognized that claims of immunity often call for protection from discovery on the grounds that subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford.

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (same); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018) ("The very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them from having to bear the burdens attendant to litigation."); *see also Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (finding the trial court abused its discretion when it ordered the defendant to participate in a Rule 26(b) conference and submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted").

Here, a "preliminary peek" at the motions to dismiss reveals that a stay pending resolution of these matters is warranted. Defendants assert prosecutorial and judicial immunity defenses, which raise serious questions regarding the viability of the complaint that must be resolved before Defendants are burdened with discovery and other pretrial obligations. The remaining Defendants to appear have also raised immunity and abstention arguments. (Docs. 42, 43.) If the Court finds that Defendants are entitled to these immunities, or should otherwise abstain because of the ongoing criminal proceedings, the motions to dismiss may dispose of Plaintiffs' entire case.

Plaintiffs' arguments concerning the need for discovery pending a decision on the motions to dismiss does not sway the Court to break step with the Eleventh Circuit. Further, Plaintiffs have already responded to the motions to dismiss without discovery. And lastly, when ruling on a motion to dismiss, the Court considers only the complaint and any other judicially noticed facts. Discovery is simply not necessary for the Court to decide the issues before it at this juncture.

Accordingly, it is hereby **ORDERED**:

Defendants' Motion to Stay (Doc. 70) is **GRANTED**. Discovery and the requirements of Federal Rule of Civil Procedure 16 are **stayed** pending a decision on whether this case will be dismissed. The Clerk is directed to add a stay flag to the docket.

**ENTERED** in Fort Myers, Florida on March 1, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record