UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO
and KOICHI SAITO,

      Plaintiffs,

v.                                                                        Case No:  2:22-cv-740-JLB-KCD

COLLIER COUNTY
MUNICIPAL CORPORATION,
COLLIER COUNTY SHERIFF'S
OFFICE, CHARLES NUNLEY,
BYRON TOMLINSON, ALEXIS
GRACE MOFFETT, BLAKE
ADAMS, ROB CROWN,
CRYSTAL KINZEL, THOMAS
SEPANSKI, and EDWARD
KELLY,

      Defendants.
_____/

## ORDER

Lynnea Saito and Koichi Saito, *pro se* Plaintiffs, have sued several individuals and entities (collectively, "Defendants") involved, albeit tangentially, in a traffic stop and the prosecution that followed and is still pending.  (Doc. 24.)  Before the Court are Plaintiffs' *second* and *third* Motions to Disqualify the Magistrate Judge.  (Doc. 27, Doc. 50).  The Plaintiffs' first such motion (Doc. 16) was denied (Doc. 20).  The Court now denies the second and third motions.

## BACKGROUND

Plaintiffs' amended complaint is unclear, but it seems they were driving a vehicle without a license plate, which led Deputy Charles Nunley to pull them over. (Doc. 24 at 5). Deputy Nunley stated that Plaintiffs needed a license plate, valid registration, and driver's license. (Doc. 24 at 5). But Plaintiffs evidently disagreed and requested a supervising officer. (Doc. 24 at 5.) Deputy Byron Tomlinson arrived and, with Deputy Nunley, advised Plaintiffs that unless they produced a driver's license, they would be arrested, and their car towed. (Doc. 24 at 5). Plaintiffs asserted they were immune from these requirements, and Mr. Saito was arrested. (Doc. 24 at 6).

Mr. Saito was jailed "over 27 hours, until Plaintiffs provided ransom money." (Doc. 24 at 6). Plaintiffs received a Notice to Appear for the traffic case but assert it was insufficient as a proper summons, and by certified mail they notified Judge Blake Adams of these deficiencies and of their intent to sue. (Doc. 24 at 6). Days later, Judge Rob Crown replaced Judge Adams as presiding judge. (Doc. 24 at 6). Plaintiffs received a second Notice to Appear that, they allege, had all the same deficiencies as the previous notice. (Doc. 24 at 7).

Plaintiffs maintain Defendants have not provided a "lawfully promulgated record that supports the presumption that Plaintiff Koichi [Saito] has a duty to appear." (Doc. 24 at 7). Given his refusal, Judge Crown

2

signed a Failure to Appear warrant for Mr. Saito. (Doc. 24 at 7). Deputy Edward Kelly and two other Collier County Sheriff's deputies arrested Mr. Saito; he was held "for roughly 6 hours, until Plaintiffs provided ransom money." (Doc. 24 at 8). Plaintiffs allege that Mr. Saito's arrest and detainment were based on an unlawful bench warrant; that Judge Crown acted intentionally, with malice, willfulness, and reckless indifference to Plaintiffs' rights and safety; that Defendants knowingly and willingly attempted to defraud Plaintiffs; that Defendants misused the traffic court process to prosecute Mr. Saito without jurisdiction; and that this Court must intervene to "protect Plaintiffs from continued trespass to Constitutionally protected rights." (Doc. 24 at 8, 11).

Plaintiffs have sued: Collier County; the Collier County Sheriff's Office; Deputies Nunley, Tomlinson, and Kelly; Assistant State Attorney Alexis Moffett; Judges Adams and Crown; Crystal Kinzel, the clerk of court for Collier County; and Thomas Sepanski, the wrecker operator.[1] Plaintiffs raise three counts: Abuse of Process (Count I); Administering Property Without Right (Count II); and Invasion of Privacy (Count III). They want their property restored, their record expunged, and $682,650 in compensatory damages. (Doc. 24 at 19).

---

[1] The individual Defendants have been sued in both their individual and official capacities.

3

## LEGAL STANDARD

A federal judge must disqualify himself under 28 U.S.C. § 455(a)–(b) if his "impartiality might reasonably be questioned," or where he "has a personal bias or prejudice concerning a party," has participated as counsel, or has a financial interest in the matter. "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

A party seeking a judge's recusal under 28 U.S.C. § 144 must "make[] and file[] . . . [an] affidavit that the judge . . . has a personal bias or prejudice either against [it] or in favor of any adverse party." "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo*, 223 F.3d at 1333.

## DISCUSSION

Plaintiffs *second* and *third* Motions to Disqualify the Magistrate Judge are pending. (Doc. 27, Doc. 50). Plaintiffs rely on both sections 144 and 455, and they state they "fear they will not receive a fair and impartial hearing, because of the Court's demonstrable prejudice against them." (Doc. 27 at 1). In support of their motions, Plaintiffs point to Magistrate Judge Dudek's order that dismissed their complaint and directed them to file an amended complaint that "exclude[d] allegations that Plaintiffs['] cause of action

4

depends on their status as sovereign citizens" and "set forth a factual basis for a civil rights violation by each defendant." (Doc. 14 at 3). Plaintiffs object to Magistrate Judge Dudek's statements likening their complaint to a "sovereign citizen" pleading. (Doc. 27 at 2–3).

In their second motion, Plaintiffs argue these statements are slanderous, prejudicial, cast doubt on Magistrate Judge Dudek's ability to be impartial, and are "used to prevent Plaintiffs from exercising their God-given right to peacefully and properly redress grievances with public servants who have harmed them." (Doc. 27 at 2–3). They also state they have not consented to have Magistrate Judge Dudek conduct proceedings, that Magistrate Judge Dudek has a conflict of interest, and that the order dismissing Plaintiffs' complaint is contrary to law. (Doc. 27 at 1–3).

The grounds stated in Plaintiffs' third motion are the same as in the previous iteration: Magistrate Judge Dudek's statements likening Plaintiffs' complaint to sovereign citizen pleadings (Doc. 14; Doc. 50 at 2–3). Plaintiffs state that one of the Defendants has since used the characterization in her motion to dismiss (Doc. 43 at 7). (Doc. 50 at 2). And Plaintiffs argue Magistrate Judge Dudek's Florida Bar membership creates a conflict of interest, "due to his fraternity affiliation with several defendants and the . . . attorneys in the case." (Doc. 50 at 3). Finally, of note, Plaintiffs call themselves "Affiants" in this motion, and they conclude the motion by

affirming that all the facts they allege are true, correct, and based on firsthand knowledge. (Doc. 50 at 4).

The Court denied Plaintiffs' first motion to disqualify Magistrate Judge Dudek (Doc. 16; Doc. 20). And for many of the same reasons, the Court denies the second and third motions.

First, Plaintiffs do not allege that Magistrate Judge Dudek has personal knowledge of, involvement in, or financial interest in the outcome, so they must establish that Magistrate Judge Dudek harbors personal bias or prejudice against them, or that his impartiality might reasonably be questioned. *See* 28 U.S.C. §§ 144, 455(a), (b)(1). Plaintiffs have not met this burden.

They do not base their motions on the Court's rulings,[2] but focus instead on statements likening their complaint to "sovereign citizen" pleadings. In *Regions Bank v. Legal Outsource PA*, the Eleventh Circuit rejected an argument that the district judge's characterization of the litigant's tactics as "abhorrent" constituted grounds for recusal. 800 F. App'x 799, 800–01 (11th Cir. 2020). The court found these statements were "at most, 'expressions of impatience, dissatisfaction, annoyance, and . . . anger,' which are not grounds for recusal." *Id.* (quoting *Liteky v. United*

---

[2] Nor should they. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

6

*States*, 510 U.S. 540, 555–56 (1994)).  A judge's statements "will not sustain a recusal motion 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"  *See id.* (quoting *Liteky*, 510 U.S. at 555).

The statements at issue here—a dispassionate description of attributes of Plaintiffs' original complaint—neither display personal bias or prejudice, nor cast doubt on Magistrate Judge Dudek's ability to be impartial.  Because the statements lack antagonism suggesting the impossibility of fair judgment, they are not grounds for recusal.

Accordingly, it is now

**ORDERED:**

Plaintiffs *second* and *third* Motions to Disqualify the Magistrate Judge (Doc. 27, Doc. 50) are **DENIED**.

**ORDERED** in Fort Myers, Florida on March 15, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE