UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO
and KOICHI SAITO,

      Plaintiffs,

v.                                                Case No:  2:22-cv-740-JLB-KCD

COLLIER COUNTY
MUNICIPAL CORPORATION,
COLLIER COUNTY SHERIFF'S
OFFICE, CHARLES NUNLEY,
BYRON TOMLINSON, ALEXIS
GRACE MOFFETT, BLAKE
ADAMS, ROB CROWN,
CRYSTAL KINZEL, THOMAS
SEPANSKI, and EDWARD
KELLY,

      Defendants.
                                          /

## **ORDER**

Lynnea Saito and Koichi Saito, *pro se* Plaintiffs, have sued several individuals and entities (collectively, "Defendants") involved, albeit tangentially, in a traffic stop and the prosecution that followed and is still pending. (Doc. 24). Before the Court are Motions to Dismiss by Defendants Crystal Kinzel (Doc. 43), Alexis Moffett (Doc. 48), Judge Blake Adams, and

Judge Robert Crown (Doc. 67).  Plaintiffs oppose dismissal.[1]  (Doc. 58; Doc. 60; Doc. 76; Doc. 77; Doc. 78).  For the following reasons, the motions are granted.

## BACKGROUND

Plaintiffs' amended complaint is unclear, but it seems they were driving a vehicle without a license plate, which led Deputy Charles Nunley to pull them over.  (Doc. 24 at 5).  Deputy Nunley stated that Plaintiffs needed a license plate, valid registration, and driver's license.  (Doc. 24 at 5).  But Plaintiffs evidently disagreed and requested a supervising officer.  (Doc. 24 at 5).  Deputy Byron Tomlinson arrived and, with Deputy Nunley, advised Plaintiffs that unless they produced a driver's license, they would be arrested, and their car towed.  (Doc. 24 at 5).  Plaintiffs asserted they were immune from these requirements, and Mr. Saito was arrested.  (Doc. 24 at 6).

Mr. Saito was jailed "over 27 hours, until Plaintiffs provided ransom money."  (Doc. 24 at 6).  Plaintiffs received a Notice to Appear for the traffic case but assert it was insufficient as a proper summons, and by certified mail they notified Judge Blake Adams of these deficiencies and of their intent to sue.  (Doc. 24 at 6).  Days later, Judge Rob Crown replaced Judge Adams as presiding judge.  (Doc. 24 at 6).  Plaintiffs received a second Notice to Appear

---

[1] Plaintiffs' responses in opposition do not address Defendants' arguments for dismissal but primarily assert that Defendants' attorneys are not empowered to act on Defendants' behalf.  (Doc. 58; Doc. 60; Doc. 76; Doc. 77; Doc. 78).

that, they allege, had all the same deficiencies as the previous notice. (Doc. 24 at 7).

Plaintiffs maintain Defendants have not provided a "lawfully promulgated record that supports the presumption that Plaintiff Koichi [Saito] has a duty to appear." (Doc. 24 at 7). Given his refusal, Judge Crown signed a Failure to Appear warrant for Mr. Saito. (Doc. 24 at 7). Deputy Edward Kelly and two other Collier County Sheriff's deputies arrested Mr. Saito; he was held "for roughly 6 hours, until Plaintiffs provided ransom money." (Doc. 24 at 8). Plaintiffs allege that Mr. Saito's arrest and detainment were based on an unlawful bench warrant; that Judge Crown acted intentionally, with malice, willfulness, and reckless indifference to Plaintiffs' rights and safety; that Defendants knowingly and willingly attempted to defraud Plaintiffs; that Defendants misused the traffic court process to prosecute Mr. Saito without jurisdiction; and that this Court must intervene to "protect Plaintiffs from continued trespass to Constitutionally protected rights." (Doc. 24 at 8, 11).

Plaintiffs have sued: Collier County; the Collier County Sheriff's Office; Deputies Nunley, Tomlinson, and Kelly; Assistant State Attorney Alexis Moffett; Judges Adams and Crown; Crystal Kinzel, the clerk of court for

Collier County; and Thomas Sepanski, the wrecker operator.[2] Plaintiffs raise three counts: Abuse of Process (Count I); Administering Property Without Right (Count II); and Invasion of Privacy (Count III). They want their property restored, their record expunged, and $682,650 in compensatory damages. (Doc. 24 at 19).

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Id.* But conclusory allegations are not presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a

---

[2] The individual Defendants have been sued in both their individual and official capacities.

4

reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). And courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Because Plaintiffs are proceeding *pro se*, the Court construes the amended complaint more liberally than it would had the complaint been drafted by an attorney. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

## DISCUSSION

Defendants Kinzel, Moffett, Adams, and Crown have filed three motions for dismissal, but their arguments are similar. They argue Plaintiffs' allegations are insufficient and that the claims against them should be dismissed under a variety of immunity doctrines. The Court agrees that the claims should be dismissed.[3]

---

[3] Because the Court concludes that dismissal is warranted for the reasons detailed below, it will not address all these possible grounds for dismissal.

5

## Crystal Kinzel

Plaintiffs allege Ms. Kinzel continues to communicate with them regarding Mr. Saito's pending traffic case, even though they have conveyed their belief that the case and the notices they have received from the traffic court are legally deficient. (Doc. 24 at 13).

Ms. Kinzel moves for dismissal based on failure to state a claim.[4] (Doc. 43 at 5–6). The only claim Plaintiffs raise against Ms. Kinzel is Abuse of Process. (Doc. 24 at 9–14). Because the Court agrees Plaintiffs have failed to state a claim for Abuse of Process, Ms. Kinzel's motion is granted.

Under Florida Law, Abuse of Process "involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989). The three elements of an Abuse of Process claim are:

> (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the plaintiff was injured as a result of defendant's action.

*EMI Sun Vill., Inc. v. Catledge*, 779 F. App'x 627, 635 (11th Cir. 2019) (citations and quotation marks omitted). "[T]he tort of abuse of process is

---

[4] Ms. Kinzel also argues that Plaintiffs' amended complaint should be dismissed for frivolity and that Eleventh Amendment immunity applies to the claims against her. (Doc. 43 at 6–11.)

6

concerned with the improper use of process *after it issues*, for some wrongful and unlawful object or collateral purpose." *Verdon v. Song*, 251 So. 3d 256, 258 (Fla. 5th DCA 2018) (citations and quotation marks omitted) (emphasis added). For example, prosecuting an innocent person to extort payment of a debt would be abuse of process, but prosecuting that person without reasonable grounds to believe him to be guilty would not.[5] *See Cline v. Flagler Sales Corp.*, 207 So. 2d 709, 711 (Fla. 3d DCA 1968) (citation omitted).

Because Plaintiffs have failed to allege both that Ms. Kinzel acted with improper motive and that she took any action after process issued to misuse Mr. Saito's criminal traffic court case, they have failed to state a claim for abuse of process. *See Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005). Ms. Kinzel's motion to dismiss is granted.

### Alexis Moffett

Plaintiffs allege Ms. Moffett "misuse[d] the administrative traffic court process to prosecute [Mr. Saito], despite a clear lack of jurisdiction"; knowingly proceeded against Plaintiffs in reliance on "an insufficient complaint and charging instrument, and a lack of admissible evidence"; "subvert[ed Mr. Saito's] right . . . to the presumption of innocence," in

---

[5] That would be malicious prosecution. *See Cline v. Flagler Sales Corp.*, 207 So. 2d 709, 711 (Fla. 3d DCA 1968).

7

violation of due process; and "unlawfully appl[ied] the state transportation code and its regulatory statutes." (Doc. 24 at 11–13).

Ms. Moffett moves for dismissal based on prosecutorial immunity.[6] (Doc. 48 at 4–6). Because Plaintiffs' allegations against Ms. Moffett all relate to her initiation and prosecution of Mr. Saito's criminal traffic court case, she is immune and the claims against her should be dismissed.

" 'A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] functions as an advocate for the government' in the judicial phase of the criminal process." *Hoffman v. Off. of State Att'y, Fourth Jud. Cir.*, 793 F. App'x 945, 950 (11th Cir. 2019) (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)). "The prosecutorial function includes the initiation and pursuit of a criminal prosecution, the presentation of the state's case, and other actions that are 'intimately associated with the judicial phase of the criminal process,' such as court appearances." *Id.* (quoting *Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1142 (11th Cir. 2017)). Provided the conduct qualifies as a prosecutorial function—rather than an investigative or administrative task—absolute immunity even extends to improper or malicious conduct. *See id.* (citing *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)).

---

[6] Ms. Moffett also argues Plaintiffs' amended complaint should be dismissed based on *Younger* abstention and failure to state a claim. (Doc. 48 at 6–8).

8

Because each of Plaintiffs' allegations against Ms. Moffett concern her initiation and prosecution of Mr. Saito's criminal traffic court case (Doc. 24 at 11–13), they are intimately associated with the judicial phase of the criminal process, and Ms. Moffett is immune from this action. *See id.* Ms. Moffett's motion to dismiss is granted.

### Judge Blake Adams and Judge Rob Crown

Plaintiffs allege Judge Crown signed a deficient failure to appear warrant that violated Mr. Saito's constitutional rights; directed others to unlawfully arrest and imprison Mr. Saito; acted "intentionally with malice, willfulness, and reckless indifference to" Plaintiffs' rights and safety; and misused the bench warrant process to compel Mr. Saito to appear. (Doc. 24 at 7–8, 14). And Plaintiffs allege that Judges Adams and Crown "misuse[d] the administrative traffic court process to prosecute [Mr. Saito], despite a clear lack of jurisdiction"; "subvert[ed Plaintiffs'] right . . . to the presumption of innocence," in violation of due process; "unlawfully appl[ied] the state transportation code and its regulatory statutes"; and knowingly continue to prosecute Mr. Saito without jurisdiction. (Doc. 24 at 11–13).

Judges Adams and Crown move for dismissal based on judicial immunity.[7] (Doc. 67 at 4–6). Because Plaintiffs' allegations against Judges

---

[7] Judges Adams and Crown also argue that Plaintiffs' amended complaint should be dismissed based on *Younger* abstention and failure to state a claim. (Doc. 67 at 6–8).

9

Adams and Crown all relate to judicial actions taken during Mr. Saito's criminal traffic court case, they are immune and the claims against them should be dismissed.

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citations omitted). The Eleventh Circuit has stated four factors for courts to consider in determining whether the nature and function of a judge's acts are judicial:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id.* at 1331 (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985)). Provided the judge's acts are judicial, immunity applies "regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority." *Id.* (citation omitted).

Applying the four factors stated by the Eleventh Circuit to Plaintiffs' allegations against Judges Adams and Crown, the Court concludes the Judges' actions are judicial. *See id.* Plaintiffs' allegations all concern a case pending before Judges Adams and Crown, constitute normal judicial functions in conducting that case, relate to actions taken within the Judges'

chambers or courtroom, and involve the need or failure of Mr. Saito to appear before the Judges in their official capacities. Judges Adams and Crown are, therefore, immune from this action. Their motion to dismiss is granted.

## CONCLUSION

Accordingly, it is now

**ORDERED:**

(1) Crystal Kinzel's Motion to Dismiss (Doc. 43) is **GRANTED**, and the claims against her are **DISMISSED WITHOUT PREJUDICE**.

(2) Alexis Moffett's Motion to Dismiss (Doc. 48) is **GRANTED**, and the claims against her are **DISMISSED WITHOUT PREJUDICE**.

(3) Judge Blake Adams's and Judge Robert Crown's Motion to Dismiss (Doc. 67) is **GRANTED**, and the claims against them are **DISMISSED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida on March 15, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE