UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO
and KOICHI SAITO,

      Plaintiffs,

v.                                  Case No:  2:22-cv-740-JLB-KCD

COLLIER COUNTY
MUNICIPAL CORPORATION,
COLLIER COUNTY SHERIFF'S
OFFICE, CHARLES NUNLEY,
BYRON TOMLINSON, ALEXIS
GRACE MOFFETT, BLAKE
ADAMS, ROB CROWN,
CRYSTAL KINZEL, THOMAS
SEPANSKI, and EDWARD
KELLY,

      Defendants.
_____/

## **ORDER**

    Lynnea Saito and Koichi Saito, *pro se* Plaintiffs, have sued several

individuals and entities (collectively, "Defendants") involved, albeit

tangentially, in a traffic stop and the state prosecution that followed and is

still pending.  (Doc. 24)  Before the Court is a Motion to Stay filed by

Defendants Collier County Sheriff's Office, Collier County Municipal

Corporation, Edward Kelly, Byron Tomlinson, and Charles Nunley ("Defendants").  (Doc. 42).  Plaintiffs oppose the motion.[1]  (Doc. 57).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Determining whether a stay is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254–55.

When related criminal and civil actions are pending, courts evaluating the need for stay balance several interests, including how the issues in the criminal and civil cases overlap; the status of the criminal case; the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; the interests of and burden on the defendants; and the public interest.  *See Harris v. City of Boynton Beach*, No. 9:16-CV-80148, 2016 WL 3747680, at *2 (S.D. Fla. July 13, 2016).

---

[1] Plaintiffs' response in opposition does not address Defendants' arguments for stay but primarily asserts that Defendants' attorneys are not empowered to act on Defendants' behalf.  (Doc. 57).

Defendants argue there is substantial overlap between this case and Mr. Saito's pending criminal traffic court case and that resolution of the criminal case will have a "dispositive impact" on whether Plaintiffs can be afforded relief.[2]  (Doc. 42 at 4).  Defendants contend this factual overlap—in issues, witnesses, and evidence—weighs heavily for stay.  (Doc. 42 at 8–9).  Defendants note that this case has been pending just over three months, while the criminal case is proceeding, and they argue the potential consequences to Defendants in proceeding far outweigh any potential prejudice to Plaintiffs caused by a stay.  (Doc. 42 at 9).  Defendants argue stay would also serve the interests of the public and the judicial system.  (Doc. 42 at 10–12).  For example, that resolution of the criminal case would narrow the issues, streamline discovery, increase the possibility of settlement, and that it could raise or strengthen theories of collateral estoppel and qualified immunity, which could be dispositive.  (Doc. 42 at 10–12).

The Court is persuaded by Defendants' arguments and concludes that a stay will best serve the interests of the Court and the parties.

---

[2] Defendants also argue the Court should stay this case under *Younger* abstention; but, because the Court has determined that it should exercise its broad discretion in staying this case based on the factors discussed in this order, the Court will not address *Younger* abstention.

Accordingly, it is **ORDERED:**

(1) Defendants' motion to stay the case is **GRANTED**.

(2) This case is **STAYED** pending resolution of the criminal case.

(3) The parties are directed to provide the Court a status report every **3 MONTHS** that advises the Court of the status of the criminal case.

(4) The Clerk is directed to both place a stay flag on this case and stay this case until further notice.

**ORDERED** in Fort Myers, Florida on March 15, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE