UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNEA SAITO and KOICHI
SAITO,

    Plaintiffs,

v.                                    Case No.:  2:22-cv-740-JLB-KCD

COLLIER COUNTY MUNICIPAL
CORPORATION, COLLIER
COUNTY SHERIFF'S OFFICE,
CHARLES NUNLEY, BYRON
TOMLINSON, ALEXIS GRACE
MOFFETT, BLAKE ADAMS, ROB
CROWN, CRYSTAL KINZEL,
THOMAS SEPANSKI, and
EDWARD KELLY,

    Defendants.
_____/

# ORDER

Before the Court is pro se Defendant Thomas Sepanski's Motion to Set Aside Clerk's Default. (Doc. 85.)[1] To ensure that Plaintiffs were provided notice and an opportunity to respond, the Clerk mailed them a copy. (Doc. 87.) Plaintiffs did not respond. Thus, the motion is treated as unopposed. *See* Local Rule 3.01(c).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

On January 13, 2023, Plaintiffs filed an affidavit of service as proof that Sepanski had been served. (Doc. 29.) After Sepanski failed to respond, Plaintiffs moved for clerk's default (Doc. 66), which the clerk entered on February 22, 2023 (Doc. 79). Two weeks later, Sepanski filed the instant motion to set aside the default. He claims (under oath) that he did not respond because of the pending criminal case against Plaintiffs. Sepanski also thought the Collier County Sheriff's Office would respond on his behalf because they called him to tow Plaintiffs' vehicle. (*See* Doc. 87.)

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). It is less rigorous than the standard to set aside a default judgment under Rule 60(b). *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 656 (M.D. Fla. 2014). But it is "not so elastic as to be devoid of substance." *Compania*, 88 F.3d at 951; *see, e.g.*, *Carlisle v. Nat'l Comm. Services, Inc.*, 722 F. App'x 864, 866 (11th Cir. 2018) (affirming refusal to set aside clerk's default entered "due to [defense] counsel's carelessness in monitoring the lawsuit").

While the good cause standard is not susceptible to a precise formula, courts have generally considered several factors: whether the defaulted defendant acted promptly to correct the default and present a meritorious

2

defense; whether setting aside the default would prejudice the party in whose benefit it was entered; and whether the defendant defaulted willfully "by displaying either an intentional or reckless disregard for the judicial proceedings." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania*, 88 F.3d at 951-52)). When a default is willful, "the court need make no other findings in denying relief." *Id*.

No such willful conduct has been shown here. Given Sepanski's pro se status and his prompt filing of a request to set aside the default after he learned of it, the Court finds good cause to set the default aside. And Plaintiffs have argued no prejudice would result from Sepanski's appearance, nor could they, since discovery has not yet begun, and the case is stayed pending resolution of the underlying criminal case. (Doc. 91.)

One final matter. Because the case has been stayed, Sepanski need not respond to the amended complaint now. When the stay is lifted, Sepanski must then respond.

Accordingly, it is now **ORDERED**:

1. Defendant Thomas Sepanski's Motion to Set Aside Clerk's Default (Doc. 85) is **GRANTED**. The Clerk is directed to set aside the clerk's default (Doc. 79) and note it on the docket.

2. Defendants Sepanski must respond to the amended complaint within 30 days of the stay being lifted.

**ORDERED** in Fort Myers, Florida this March 29, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4